# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Roy Edward Ford, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 14 C 50318 |
| | ) | |
| Rockford Public School District 205, et al., | ) | |
| | ) | |
|     *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's first amended complaint [9] is dismissed without prejudice to filing a second amended complaint within 28 days in accordance with this order.

## STATEMENT

    Plaintiff, Roy Edward Ford, has sued multiple defendants alleging racial discrimination in connection with his employment at, and termination from, Rockford Public School District 205. The case comes before the court for continued § 1915 initial review because plaintiff has sought to proceed in forma pauperis ("IFP").

    On November 7, 2014, this court reviewed plaintiff's initial 45-page complaint and concluded that the complaint was (1) not signed as required by Fed. R. Civ. P. 11(a), (2) in violation of the Rule 8(a)(2) requirement of "a short and plain statement of the claim[s] showing that the pleader is entitled to relief," (3) an unintelligible "kitchen sink"-type-complaint in that one could not decipher which facts were committed by which defendants to support the various causes of action, and (4) without an allegation that plaintiff received a right to sue letter from the Equal Employment Opportunity Commission. Consequently, the court deemed the complaint deficient and unanswerable, dismissed it, and gave plaintiff leave to file and amended complaint correcting the defects.

    Plaintiff has filed a first amended complaint in which he addresses defects (1) and (4), but it is still 45 pages, continues to suffer from defects (2) and (3), and remains unanswerable. See Stanard v. Nygren, 658 F.3d 792, 799 (7th Cir. 2011) ("To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him.").

    The "FACTS" section of the first amended complaint includes plaintiff's work history in paragraphs (a) through (k) followed by paragraphs 1 through 26 which, with one exception, includes only legal conclusions littered with employment discrimination terms of art, but no indication how those concepts were implicated in his case. The exception is the allegations that plaintiff was

suspended on May 16, 2014, for refusing to go on a field trip which he believed to be unsafe, and was subsequently terminated for that purported reason. However, there are insufficient factual allegations that tie the termination to plaintiff's race or gender. The "FACTS" section is followed by ten causes of action.

The first cause of action is styled "Prohibition Against Employment Discrimination Based On Gender and Race – Disparate Treatment and Disparate Impact" and is purportedly brought pursuant to Title VII, as well as §§ 1983, 1981, 1985, and 1986. This cause of action begins with the following over 280-word, single-sentence, paragraph repeated once for each of the first 11 individual defendants:

> [Varying defendant], **and** the employer (and other Decision-Makers) with knowledge conspired from the Spring of **2013 until August 2014** to engaged [sic] in inappropriate racially motivated targeting (retaliation) behavior because of my public speaking about their intentional discrimination; use practices and violations that were sufficiently severe or pervasive to alter the terms, conditions, benefits and privileges of employment; helped to created [sic] and maintain an abusive and hostile working environment directed at me (Ford) (and other African-Americans); used discriminatory unfair or unpredictable treatment to discriminate and retaliate against me; **continued to** unlawfully discriminate against me (and other African-Americans) in hiring, compensation, initial placement, promotions, terminations, and other terms, privileges, and conditions of employment; used inaction and deliberate indifferent to my (Ford) complaints and concerns; refused to properly investigate, actions (inactions) caused disparate impact and disparate treatment; attempted coercion, terminated, intimidation, and harassment; deprived and interference in exercise of constitutionally protected rights; actions inflicted economic harm; forced constructive dismissals; denied Due Process to avoid these arbitrary deprivations of my rights, liberties, and privileges to make and enforce my contract; denied me a work environment free of racially practiced hostility and free of racially practiced retaliation; threaten me that 'things cause [sic] get "nasty" for me and my family' if I did not [stop] speaking out publically and agree to help them discriminate; dismissals while suitable and necessary employment was available; helping to create vacancies for hiring practices of **Nepotistic** and **Cronyism**; continuing discrimination with separate employment opportunities and employment benefits; using continuous concerted sophisticated racially motivated practices and customs which are created and maintained; job performance was undermined by deliberate insufficient **Rockford School District #205, the above-listed Decision-Makers, and Human Resource personnel.**

The ostensible defect with these paragraphs is that they violate the Rule 8(a)(2) requirement of "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." In addition, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), require that a complaint filed in federal court allege facts sufficient to show that the case is plausible. These paragraphs are nearly devoid of facts. The court is left to question: what exactly was "the inappropriate racially motivated targeting (retaliation) behavior"? Or the discriminatory, unfair, or

unpredictable treatment used to discriminate and retaliate against plaintiff? The only allegation which can be fairly described as a fact is the threat that "things could get nasty" for plaintiff and his family if he did not stop speaking out against racial discrimination. But surely plaintiff is not alleging that each of these eleven defendants made this same threat. If plaintiff is so alleging, he needs to provide more factual detail about how such a threat was made individually by eleven different people.

The next six paragraphs, each addressing the purported conduct of six other defendants, are slightly different. These paragraphs do not include the "things could get nasty" threat allegation and seem to focus on the recommendation that plaintiff be terminated without proof of insubordination. However, these paragraphs are also nearly devoid of factual content and therefore fall short of the Ashcroft plausibility requirement. The first cause of action ends with repeating and re-alleging the facts stated in the "FACTS" section of the first amended complaint. This does nothing to advance the plausibility of plaintiff's first cause of action because, as noted in this court's order of November 7, 2014, counts that simply repeat and re-allege facts stated earlier in the complaint but fail to indicate which of those facts support the respective claims have been characterized as unintelligible when the allegations result in "vague, confusing, and conclusory articulation of the factual and legal basis for the claims and a general 'kitchen sink' approach to pleading the case." See Stanard, 658 F.3d at 798.

The remaining nine causes of action do not include individual paragraphs attempting to describe the conduct of the various defendants resulting in purported violations of plaintiff's rights. Moreover, these causes of action are similarly nearly devoid of any factual content and suffer from the "repeats and re-alleges" problem, resulting in a failure to state a claim on which relief may be granted due to a lack of plausibility.

For these reasons, the court concludes that plaintiff has once again failed to state legally sufficient claims, and his first amended complaint is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim on which relief may be granted. Because plaintiff's claims are dismissed for failure to allege sufficient facts, he is entitled to replead his claims. See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir.2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim."). While plaintiff has already been afforded one opportunity to file an amended complaint, the court will afford him another but admonishes him that continued failure to comply will result in dismissal of this case with prejudice. If plaintiff wishes to pursue this action further, he must file a second amended complaint setting forth a short and plain statement of his claims, including a factual basis rendering them plausible, within 28 days of this order. It would be very helpful if plaintiff adheres to Federal Rule of Civil Procedure 10(b)'s suggestion to, as much as possible, limit each count to a single cause of action against a single defendant and state the conduct that the particular defendant engaged in which plaintiff believes violated his rights. For example, it is confusing to allege both Title VII and § 1983 claims against multiple defendants in a single count. The court encourages plaintiff to seek the assistance of counsel or a legal aid clinic in refashioning his second amended complaint, should he decide to pursue this action further. The local and regional bar regularly bring

employment discrimination actions against governmental entities because, among other reasons, attorney fees are available to a prevailing party. See 42 U.S.C. § 1988(b). Thus, if plaintiff can convince an attorney that his case has arguable merit, he should not have any trouble retaining counsel with little or no up-front expenses. If plaintiff fails to file a second amended complaint within 28 days, this case will be dismissed with prejudice without further notice and final judgment will be entered. In addition, if plaintiff files a second amended complaint that does not address the deficiencies of his previous complaints, the second amended complaint will be subject to dismissal with prejudice.

Date: 12/9/2014        ENTER:

_____
FREDERICK J. KAPALA

District Judge