# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Roy Edward Ford, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 14 C 50318 |
| | ) | |
| Rockford Public School District 205, et al., | ) | |
| | ) | |
| Defendants. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's second amended complaint [11] is stricken. Plaintiff's gender discrimination claims and his claim against the Illinois Board of Education are dismissed. The Illinois Board of Education is terminated as a defendant. Plaintiff is granted leave to file a third amended complaint within 21 days of the date this order is entered naming only Rockford Public School District 205 and otherwise in conformance with this order. Failure to do so will result in dismissal of this case with prejudice without further notice.

## STATEMENT

In his initial 45-page complaint, pro se plaintiff, Roy Edward Ford, sued multiple defendants alleging racial discrimination in connection with his employment at, and termination from, Rockford Public School District 205. On November 7, 2014, this court conducted a § 1915 initial review because plaintiff sought to proceed in forma pauperis ("IFP"). The court concluded that the complaint was deficient because it was (1) not signed as required by Fed. R. Civ. P. 11(a); (2) in violation of the Rule 8(a)(2) requirement of "a short and plain statement of the claim[s] showing that the pleader is entitled to relief;" (3) an unintelligible "kitchen sink"-type-complaint in that one could not decipher which facts were committed by which defendants to support the various causes of action; and (4) without an allegation that plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission. Consequently, the court deemed the complaint deficient and unanswerable, dismissed it, and gave plaintiff leave to file an amended complaint correcting the defects.

On December 9, 2014, the court reviewed plaintiff's first amended complaint and concluded that it continued to suffer from defects (2) and (3). Nevertheless, the court once again gave plaintiff leave to file an amended complaint. At that time the court admonished plaintiff that a failure to correct the deficiencies in his complaint that had been identified would result in dismissal of this case with prejudice. The court also advised plaintiff to seek out counsel.

Plaintiff has now filed a 10-count second amended complaint alleging gender and race discrimination against Rockford School District 205 and the Illinois Board of Education.

Unfortunately, the second amended complaint, like the initial complaint, must be stricken because it is not signed. See Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). Plaintiff will be given an opportunity to correct this problem by filing a signed third amended complaint that is in conformity with the balance of this order.

Although the second amended complaint remains unnecessarily long and difficult to decipher, it is an improvement on the two previous complaints. This is due in large part to the fact that it names just two defendants which helps to alleviate the difficultly in determining which facts were committed by which defendants to support the various causes of action. Moreover, in light of the liberal pleading standard applicable to employment discrimination claims, see Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1028 (7th Cir. 2013), the court cannot say that plaintiff has failed to state a claim for employment discrimination based on race. The court expresses no opinion as to the merit of this claim. Nor does the court express an opinion that there is any claim stated other than for racial discrimination in the second amended complaint. All of plaintiff's claims, of course, will be subject to any motions or defenses that defendant sees fit to raise.

In his third amended complaint, plaintiff will be permitted to raise claims only against Rockford School District 205 because his claim against the Illinois Board of Education in Count III of the second amended complaint is unexhausted due to plaintiff's failure to name it in the charge of discrimination that he filed with the EEOC. See Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013) ("Prior to filing suit under Title VII, a party must first file a charge of discrimination with the EEOC, 42 U.S.C. § 2000e–5(f)(1), and a party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII."). Plaintiff is also precluded from raising gender discrimination claims in his third amended complaint because these claims are also unexhausted for failure to raise them before the EEOC. See Cheek v. W. and S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge."). If plaintiff fails to file a third amended complaint in conformance with this order within 21 days of the date this order is entered, this case will be dismissed with prejudice without further notice and final judgment will be entered.

Date: 2/2/2015

ENTER:

_____

FREDERICK J. KAPALA

District Judge